JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 20-248 JVS (JEMx) | Date | January 25, 2021 |
| Title | The Tire Hanger Corp. v. My Car Guy Concierge Services, Inc., et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] <u>Order Regarding Motion for Default Judgment</u>**

Before the Court is Plaintiff The Tire Hanger Corporation's ("Tire Hanger") motion for default judgment as to Defendants My Car Guy Concierge Services, Inc. d/b/a Hoist Hanger ("Hoist Hanger") and Brendan Daley ("Daley") (collectively – "Defendants"). Mot., ECF No. 73.

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

This case stems from a licensing agreement between Tire Hanger and Hoist Hanger. Tire Hanger is the original assignee of three patents.[1] Complaint, ECF No. 1, ¶¶ 15-19. Following a previous suit by Tire Hanger against Hoist Hanger for patent infringement, the parties reached a settlement. Id. ¶¶ 15-16. As part of that settlement, Hoist Hanger agreed to license Tire Hanger's patents and pay a licensing fee. Id. Payments of the licensing fee ceased by May 2016. Id. ¶ 17.

On February 7, 2020, Tire Hanger filed the complaint in this lawsuit, alleging that Hoist Hanger breached the licensing agreement with Tire Hanger and that Daley, who was in charge of sales for Hoist Hanger during the time period at issue in this case, infringed on Tire Hanger's patents. Id. ¶¶ 20-30. Tire Hanger served each Defendant on June 5, 2020. Hoist Hanger Proof of Service, ECF No. 56; Daley Proof of Service, ECF No. 55. Defendants failed to file a responsive pleading by set deadlines. On November

---

[1] U.S. Patent Nos. 6,604,610, 6,681,897, and 7,073,778 (collectively – "the Patents at Issue").

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 20-248 JVS (JEMx) | Date | January 25, 2021 |
| Title | The Tire Hanger Corp. v. My Car Guy Concierge Services, Inc., et al. | | |

12, 2020, the Court granted Tire Hanger's requests for default as to the Defendants and directed the Clerk of the Court to enter default. Order, ECF No. 69. Default was entered the same day. Default, ECF No. 70. The instant motion followed.

## II. Legal Standard

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

*A.    Procedural Requirements*

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against whom the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative", (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

*B.    Substantive Requirements*

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect;

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 20-248 JVS (JEMx) | Date | January 25, 2021 |
| Title | The Tire Hanger Corp. v. My Car Guy Concierge Services, Inc., et al. | | |

and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III. DISCUSSION

  *A. Default Judgment*

    *1. Procedural Requirements*

As a threshold issue, Tire Hanger satisfies Local Rule 55-1. Tire Hanger has filed a declaration in support of its motion that states that Defendants have failed to appear in this proceeding, that default was entered against Defendants, that Defendants are neither incompetent nor infants, and that the Servicemembers Civil Relief Act does not apply. See Arledge Decl., ECF No. 74, ¶¶ 2-5. Finally, Tire Hanger has complied with Rule 54(c) because it seeks monetary damages, as requested in the complaint. Compl. at 15.

    *2. Substantive Requirements*

      *a. Possibility of Prejudice to Plaintiff*

The first substantive factor favors default judgment because Tire Hanger has expended effort and incurred costs and fees in prosecuting this action. The Clerk entered default against Defendants on November 12, 2020, and Defendants have failed to respond since the entering of default. As such, the Court finds that the first Eitel factor favors default judgment.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 20-248 JVS (JEMx) | Date | January 25, 2021 |
| Title | The Tire Hanger Corp. v. My Car Guy Concierge Services, Inc., et al. | | |

    b.  *Substantive Merits and Sufficiency of the Complaint*

  Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498–99 (C.D. Cal. 2003) (citing PepsiCo Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)). Here, this requires that the Court examine whether the complaint sufficiently alleges breach of contract and patent infringement. See Complaint ¶¶ 20-30.

  The Court finds that the complaint has sufficiently plead its claims. Under California law, "[a] cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1368 (2010). Each of these elements was alleged. Tire Hanger alleges that there was a contract, that it performed all its obligations under that contract, that Hoist Hanger did not perform its obligations by failing to pay royalties, and that this resulted in damages. Compl. ¶¶ 21-23. This is sufficient to state a claim for breach of contract.

  "[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). To state a claim for patent infringement, a complaint must "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." Hall v. Bed Bath & Beyond, Inc., 705 F.3d 1357, 1362 (Fed. Cir. 2013). Tire Hanger alleges that it owns the Patents at Issue, names Defendants, and includes claim charts specifying how exactly Defendants infringed the Patents at Issue. Compl. ¶¶ 2, 27, 30. Although Tire Hanger does not cite 35 U.S.C. § 271(a), it does allege that Tire Hanger "directly infringed the Asserted Patents," which the Court considers to be sufficient for purposes of stating a claim.

  Thus, the Court finds that Tire Hanger has satisfied the second and third Eitel factors.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 20-248 JVS (JEMx) | Date | January 25, 2021 |
| Title | The Tire Hanger Corp. v. My Car Guy Concierge Services, Inc., et al. | | |

      *c.*    *Remaining Four Factors*

      For the fourth factor, the amount of money at stake is reasonable because Tire Hanger seeks $339,370 against Hoist Hanger for breach of contract and $32,400 from Daley for patent infringement. See Mot. at 5-6. As explained, infra Section III.B, this relief is justified. The fifth factor also weighs in favor of default judgment because "[u]pon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." PepsiCo, 238 F. Supp. 2d at 1175. Therefore, no disputes of fact preclude granting the motion. Although Defendants have not answered or taken action in this case, the sixth factor also weighs in favor of default judgment. Given the notice delivered to Defendants regarding this action and the period of time that has elapsed since Tire Hanger filed the complaint, the possibility of excusable neglect is remote. See, e.g., Philip Morris, 219 F.R.D. at 500–01. Only the seventh factor, the strong policy favoring decisions on the merits, weighs against entry of a default judgment. This factor alone is insufficient to counterbalance the other factors in this case. See PepsiCo, 238 F. Supp. 2d at 1177.

      Accordingly, the Eitel factors favor the entry of a default judgment against the Defendants. The Court therefore **GRANTS** default judgment in favor of Tire Hanger.

      *B.*    *Relief Sought*

      *1.*    *Damages*

      Tire Hanger seeks damages of $339,370 for breach of the licensing agreement and $32,400 in damages for infringement of the patents at issue. Mot. at 5-7.

      If a contract is breached under California law, the non-breaching party is entitled to recover the full value of the contract. Brown v. Grimes, 192 Cal. App. 4th 265, 277 (2011). Under the terms of the licensing agreement, Hoist Hanger was obligated to pay at least $5,000 in royalties per month in 2016, $7,500 in royalties per month in 2017, and $15,000 in royalties per month in 2018. Licensing Agreement, ECF No. 73-5, at §§ 2.2-2.4. Hoist Hanger was also required to pay $45,000 for the first three months of 2019, at which point the Patents at Issue would expire. Id. § 2.4.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 20-248 JVS (JEMx) | Date | January 25, 2021 |
| Title | The Tire Hanger Corp. v. My Car Guy Concierge Services, Inc., et al. | | |

If successful in bringing a claim for patent infringement, a plaintiff is entitled to recover a reasonable royalty. 35 U.S.C. § 284. In the Licensing Agreement, the parties previously already agreed that a reasonable royalty would be $40 per unit. Licensing Agreement § 2.5. Rick Daley has represented to Tire Hanger that Hoist Hanger continued to order infringing products through the summer of 2019, resulting in sales that were in "[m]ost months . . . no more than 25-30 sets." Rick Daley Email, ECF No. 73-9. To reach $32,400, Tire Hanger assumes that 30 sets were sold each month from January 2017 to March 2019. But this does not reflect what Rick Daley actually stated. Specifically, Rick Daley stated that he sold 25-30 sets monthly in 2018 and then sold fewer in 2019. Id. It therefore is not reasonable to assume that 30 sets were sold monthly for that 27-month period. Rather, the Court takes the more conservative approach of assuming that 25 sets were sold on average over that time period. This results in damages of $27,000, which the Court considers to be reasonable.

### 2. *Attorney's Fees and Costs*

Finally, the Court notes that Tire Hanger requests leave to file a motion for attorney's fees and costs. Mot. at 7. Tire Hanger is welcome to submit such a motion, though the Court reserves judgment on whether such fees are appropriate until after reviewing the relevant briefing.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** default judgment in favor of Tire Hanger and **GRANTS** Tire Hanger $366,370 in damages. The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for February 22, 2021, is ordered **VACATED**.

**IT IS SO ORDERED.**

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  EDCV 20-248 JVS (JEMx)                                      Date  January 25, 2021

Title     The Tire Hanger Corp. v. My Car Guy Concierge Services, Inc., et al.

                                                                        :        0

                                        Initials of Preparer      lmb